# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Gerardo Edmundo Andrada-Pastrano,<br><br>　　　　Defendant. | CR 07-1825-TUC-RCC (JR)<br><br>**REPORT AND RECOMMENDATION** |

This matter was referred to Magistrate Judge Rateau for pretrial matters. On August 19, 2014, Defendant Gerardo Edmundo Andrada-Pastrano filed a Motion to Dismiss Superseding Petition to Revoke Supervised Release. (Doc. 169).[1] The Government filed a Response on September 9, 2014 (Doc. 176). Defendant filed his Reply on September 25, 2014. (Doc. 182). The Court heard argument on the motion on November 18, 2014. Defendant was present and represented by counsel. (Doc.

---

[1] In a subsequently filed Notice of Errata, Defendant altered footnote 4 of the Motion. (Doc. 171).

1

157).   Having considered the matter, the Magistrate Judge recommends that the motion be denied.

## I.     Factual Background

The facts underlying the motion are largely undisputed.  On August 10, 2009, Defendant was sentenced in this case (CR 07-1825-TUC-RCC) to 12 months imprisonment to be followed by 36 months supervised release. Defendant's ("Def.") Ex. 2, p. 1.[2]  The period of supervised release commenced on May 4, 2010.  *Id.*

On March 7, 2012, Defendant was arrested in Pinal County for possession and transportation of marijuana for sale in violation of A.R.S. §§ 13-3405(A)(4) and (A)(2).  *Id.* (alleging charges pending in Pinal County Superior Court, CR2012-0528, as violation of conditions of supervised release).   On April 27, 2012, a federal Arrest Warrant was issued in CR12-0877-006-PHX-JAT based on Defendant's indictment for Possession With Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  Government's ("Gov.") Ex. 1.[3]

On May 9, 2012, the Government filed a Petition for Warrant for alleged violations of the conditions of Defendant's supervised release in this case, CR 07-1825-TUC-RCC.  Def. Ex. 2.  The alleged violations include the violation of A.R.S.

---

[2] Defendant's exhibits are attached to his Motion to Dismiss Superseding Petition to Revoke Supervised Release (Doc. 169).

[3] The Government introduced four exhibits at the hearing, all of which were admitted without objection (Doc. 186).

1 §§ 13-3405(A)(2) and (A)(4) as alleged in the Pinal County Superior Court case
2 (CR2012-0528); failure to report to the probation office; the possession of marijuana;
3 failure to submit to testing for substance abuse; and the consumption of alcohol. *Id*.,
4 pp. 1-2. An arrest warrant was issued that same day and transmitted to the United
5 States Marshals Service the following day. Def. Ex. 3; Gov. Ex. 2.

6       On May 29, 2012, the charges in Pinal County Superior Court case number
7 CR2012-0528 were dismissed without prejudice. Def. Ex. 4. A note on the
8 dismissal order states: "Per PCSO: Defendant in custody. Will be held due to (2)
9 Probation Violation cases." *Id*. The note does not specifically identify the two
10 referenced probation violations; however, at the time of the dismissal, Defendant was
11 subject to two probation violation cases in Maricopa County. Gov. Ex. 3.

12       Defendant remained in custody in Pinal County from May 29, 2012 to June
13 14, 2012, when the federal Arrest Warrant in CR12-0877-006-PHX-JAT was
14 executed. Def. Ex. 1. On June 18, 2012, Defendant was transported to Phoenix for
15 his initial appearance in CR12-0877-006-PHX-JAT. *See* Doc. 77 in CR12-0877-
16 006-PHX-JAT.

17       Defendant's term of supervised release in this case, CR 07-1825-TUC-RCC,
18 expired on October 27, 2013. Def. Ex. 2, p. 1.

19       On December 5, 2013, Defendant pled guilty in CR12-0877-006-PHX-JAT to
20 Possession With Intent to Distribute Marijuana in violation to 21 U.S.C. §§ 841(a)(1)
21 and (b)(1)(C). Def. Ex. 5, p. 1.

22

1        On July 3, 2014, the Government filed a Superseding Petition to revoke the Defendant's supervised release in this case, CR 07-1825-TUC-RCC. Def. Ex. 6. The allegations in the Superseding Petition differ slightly from those in the original Petition in that they no longer refer to the violation of A.R.S. §§ 13-3405(A)(2) and (A)(4) as alleged in the dismissed Pinal County Superior Court case (CR2012-0528). Instead, the Government alleges as violations the Possession With Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) charges from CR12-0877-006-PHX-JAT. *Id*

## II.     Discussion

### A.     The District Court has jurisdiction over the Superseding Petition.

On May 9, 2012, the Government filed the initial Petition alleging Defendant had violated his terms of supervised release in this case. The Defendant's period of supervised release then expired on October 27, 2013. A little more than eight months after the expiration date, on July 3, 2014, the Government filed a Superseding Petition. Defendant contends that the Superseding Petition supplanted the original petition and rendered it a nullity. Thus, Defendant contends, pursuant to 18 U.S.C. § 3583, the Court does not have jurisdiction over the untimely filed Superseding Petition.

As Defendant recognizes, a District Court retains jurisdiction to revoke a term of supervised release even after

> the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its

> expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

18 U.S.C. § 3583(i). The statute indicates that there are two requirements that must be met before delayed revocation is permitted. The first allows the court to retain jurisdiction beyond the expiration of the term only if a warrant or summons has been issued prior to the expiration of the term. The second requirement, at least upon casual review of the statute, is that the court retains jurisdiction to revoke a term of supervised release beyond its expiration only on the basis of the violations alleged in the pre-expiration warrant or summons. Defendant argues that by filing a Superseding Petition after the expiration of his term of supervised release, the Government is not relying on a timely warrant or summons and the Court is without jurisdiction to revoke. However, although the Ninth Circuit has not addressed the issue, several courts have concluded that as long as a timely warrant or summons was issued, the district court retains jurisdiction over an amended or superseding petition, even if it contains new or different allegations, that is filed after the expiration of the term of supervised release.

As quoted above, section 3583(i) provides that the court's authority to revoke a term of supervised release beyond its expiration "extends beyond the expiration of the term . . . for any period reasonably necessary for the adjudication of matters arising before its expiration." Several courts have concluded that by using the term "matters" in the plural, Congress intended to allow courts to adjudicate violations that are not specifically alleged in the pre-expiration warrant. *United States v.*

5

*Naranjo*, 259 F.3d 379, 382 (5th Cir. 2001) (finding that section 3583(i) does not require the pre-term-expiration-warrant to be based on an allegation concerning the specific violation for which revocation may be later sought); *United States v. Brennan*, 285 Fed.App'x 51, 57 n.2 (4th Cir. 2008); *United States v. Presley*, 487 F.3d 1346, 1349-50 (11th Cir. 2007). In *Naranjo*, the Fifth Circuit found additional textual support for this conclusion based on section 3583(i)'s use of the phrase "such a violation," rather than simply "such violation," in the final clause of the provision. As the Fifth Circuit explained:

> If "such violation" had been used, it would refer back to the phrase "violation of a condition of supervised release" employed earlier in subsection (i) and concerning the actual post-term-expiration revocation basis. The employed-phrase, "such *a* violation" (emphasis added), however, includes more than just the earlier employed "violation of a condition" permitting post-term-expiration revocation. "Such *a* violation" (emphasis added), which pertains to the basis for the requisite issuance of a pre-term-expiration warrant, refers to, or references, any violation of a condition of supervised release during the term, not just the one on which revocation is ultimately based.

259 F.3d at 382. Although this interpretation of the statute is not without criticism, *see United States v. Thomas*, 2013 WL 5505363 (Oct. 3, 2013 E.D.N.Y.), it is supported by the weight of the available authority.

Applying the majority rule to the facts of this case does not lead to a result favorable to Defendant. It is undisputed that the warrant issued on May 9, 2012 was issued before the expiration of Defendant's term of supervised release on October 27, 2013. It is also undisputed that the conduct underlying the July 3, 2014, Superseding Warrant, occurred prior to the October 27, 2013 expiration date. Because the

1  Government satisfied these two requirements in Defendant's case, the district court
2  has jurisdiction to revoke his term of supervised release.

3        The Government also argues that jurisdiction is supported by analogy to the
4  rules related to the filing of a superseding *indictment* after the statute of limitations
5  has expired. Unlike the rule described and applied above, a superseding indictment
6  relates back to the original indictment and is considered timely only if it does not
7  "substantially broaden or amend" the charges of the original indictment. *United*
8  *States v. Liu*, 731 F.3d 982, 996 (9th Cri. 2013). In considering whether a
9  superseding indictment substantially broadens or amends a pending indictment, the
10 court evaluates whether the superseding indictment alleges violations of a different
11 statute, contains different elements, relies on different evidence, or exposes the
12 defendant to a potentially greater sentence. *Id.* (citing *United States v. Yielding*, 657
13 F.3d 688, 704 (8th Cir. 2011), and *United States v. Salmonese*, 352 F.3d 608, 622 (2nd
14 Cir. 2003)). "The central concern in determining whether the counts in a superseding
15 indictment should be tolled based on similar counts included in the earlier indictment
16 is notice," and if the old and new allegations are substantially similar, the defendant
17 is considered to have been on notice. *Id*. (citations omitted).

18       As the Government contends, if the standards applicable to superseding
19 indictments are applied to the superseding petition filed in this case, it survives
20 scrutiny. Both petitions allege that the Defendant violated standard condition number
21 1 by committing "another federal, state, or local crime during the period of
22 supervision." *Compare* Def. Ex 2 with Def. Ex. 6. The nature of the non-compliance

in both petitions is the same behavior on the same date—the possession with intent to distribute marijuana on March 7, 2012. *Id*. The only changes are the jurisdiction and the statutes allegedly violated. Additionally, the Court agrees with the Government that the state and federal statutes in questions are similar. The charges in the original petition allege the possession and transportation of marijuana for sale in violation of A.R.S. §§ 13-3405(A)(4) and (A)(2). The allegations in the Superseding Petition differ slightly from those in the original Petition in that they no longer refer to the violation of A.R.S. §§ 13-3405(A)(2) and (A)(4) as alleged in the dismissed Pinal County Superior Court case (CR2012-0528). Instead, the Government alleges as violations the Possession With Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Both the Arizona and federal statutes in question prohibit the same conduct—the possession and distribution of marijuana. Accordingly, the Superseding Petition did not substantially alter or amend the original Petition and Defendant was on notice of the conduct which served as the basis for the revocation of his supervised release.

**B.   The Government's delay was reasonable.**

In addition to the warrant and summons requirements discussed above, section 3583(i) requires that any delay between the end of a term of supervised release and its revocation be "reasonably necessary for the adjudication of the matters arising before [the term's] expiration." 18 U.S.C. § 3583(i); *see also United States v. Garrett*, 253 F.3d 443, 446 (9th Cir. 2001). To qualify for relief, Defendant must show both an unreasonable delay and resulting prejudice. *United States v. Santana*,

8

526 F.3d 1257, 1259 (9th Cir. 2008). Here, Defendant contends that even if the Court has jurisdiction, the Government's delay from May 29, 2012, when the state charges were dismissed, through his initial appearance on the supervised release violation on June 24, 2014, was unreasonable and prejudicial and the petition should therefore be dismissed. The Court disagrees.

Reasonable necessity under section 3583(i) has been described as "a relatively elastic concept." *United States v. Ramos*, 401 F.3d 111, 118 (2nd Cir. 2005). The Ninth Circuit has held that delay may be reasonable even if it is not "technically necessary." *Garrett*, 253 F.3d 447. The examination focuses on the speed of the federal adjudication of the alleged violation once the defendant is taken into federal custody to address the charges. *Id.* at 450. The underlying consideration is "reasonableness with respect to the legitimate interests of the defendant and the government." *Ramos*, 401 F.3d 118.

The Government has provided a useful summary timeline for the examination of the delay at issue here. The relevant dates and events are:

| Date | Event |
|---|---|
| 3/7/12 | Defendant commits offense of PWID marijuana as alleged in Pinal County Superior Court case number CR2012-0528 and District of Arizona case number CR 12-0877-006-PHX-JAT |
| 4/27/12 | Warrant issued in CR 12-0877-006-PHX-JAT |
| 5/9/12 | Warrant issued for supervised release violation in CR 07-1825-TUC-RCC |
| 5/29/12 | Pinal County dismisses CR2012-0528 |
| 5/30/12 | Pinal County dismissal order with note of continuing detention |
| 6/14/12 | USMS arrests Defendant on warrant in CR 12-0877-006-PHX-JAT |
| 6/18/12 | Defendant's initial appearance in CR 12-0877-PHX-JAT |

| | | |
|---|---|---|
| 12/5/13 | Defendant pleads guilty to PWID charges in CR 12-0877-006-PHX-JAT | |
| 6/4/14 | Defendant sentenced in CR 12-0877-006-PHX-JAT | |
| 6/24/14 | Defendant's initial appearance in CR 07-1825-TUC-RCC revocation | |
| 7/3/14 | Superseding Petition filed in CR 07-1825-TUC-RCC | |
| 7/9/14 | Defendant's initial appearance on Superseding Petition in CR 07-1825-TUC-RCC | |

As a threshold issue, the parties disagree on when Defendant was taken into federal custody on the warrant issued in this case. Defendant contends that he was held in state custody from May 29, 2012 through June 14, 2012 solely on the basis of the outstanding federal warrant issued in this case and therefore that time should be considered in evaluating the delay. However, the record supporting Defendant's contention is not clear. When the state dismissed the marijuana charges pending against Defendant on May 29, 2012, Defendant remained in state custody. On the dismissal order, a handwritten note in the margin states: "05/30/12 – Per PCSO: Defendant in custody. Will be held due to (2) Probation Violation cases." Def. Ex. 4. At the time of the dismissal, there were two Maricopa County probation violation warrants outstanding against Defendant. Gov., Ex. 3. There were also two outstanding federal warrants: one for the supervised release violation in this case and a second related to the charges alleged in CR 12-0877-PHX-JAT. Despite the fact that the note on the order dismissing the state charges fails to refer to any specific warrant, Defendant contends that his detention after the dismissal of the state charges "was more likely" the result of the supervised release violations in this case. As the Government points out, however, nothing in the record establishes that Defendant

10

1 was held pursuant to a federal, rather than state, warrant. Moreover, as the
2 Government also notes, even without the state and federal probation violation
3 warrants, the arrest warrant that was pending in CR 12-0877-PHX-JAT would
4 nevertheless have triggered a detainer warranting Defendant's continued detention.

5     Thus, the Court's evaluation will focus on the approximate two-year period
6 between June 14, 2012, when Defendant was arrested in CR 12-0877-PHX-JAT, and
7 June 24, 2014, when Defendant made his initial appearance on the supervised release
8 violation in this case. As the summary reflects, Defendant made his initial
9 appearance in CR 12-0877-PHX-JAT on June 18, 2012. Defendant eventually pled
10 guilty in that case on December 5, 2013, and was sentenced to 57 month
11 imprisonment on June 4, 2014. The Ninth Circuit has concluded that delay that is
12 attributable to ongoing proceedings, particularly when those proceedings are directly
13 related to the issue of a defendant violating the terms of supervised release, is
14 reasonably necessary. *See United States v. Morales-Isabarras*, 745 F.3d 398, 401-
15 402 (9th Cir. 2014); *Ramos*, 401 F.3d at 117 (delay due to pending state charges is
16 reasonable). Here, the charges pending in the state case then in the CR 12-0877-006-
17 PHX-JAT are plainly relevant to the resolution of the present case because the
18 marijuana charges serve as the basis for the most serious allegations in both the
19 original and superseding petitions. As such, any delay during the pendency of CR
20 12-0877-PHX-JAT is reasonable under section 3583(i).

21
22

**C.     Defendant has suffered no cognizable prejudice.**

In addition to showing unreasonable delay, Defendant is also obligated to establish prejudice.  *Santana*, 526 F.3d at 1260 (noting that relief is not called for unless there is unreasonable delay and prejudice).  By analogy to Speedy Trial Clause authority, the Ninth Circuit has adopted three categories of potential prejudice resulting from the delay in supervised release revocation proceedings: "oppressive pre-trial incarceration, unnecessary anxiety of the accused, and impairment of the accused's ability to mount a defense."  *Id*. at 1261 (citing *Barker v. Wingo*, 407 U.S. 514, 532 (1972)).  "The longer the delay, the less showing of prejudice required, until an extremely lengthy delay attributable to government negligence creates a 'strong presumption that [the defendant] suffered prejudice,' which the government has the burden to rebut."  *Id*.

As discussed above, the delay here was justified by the pending charges in CR 12-0877-PHX-JAT.  Such a delay is not atypical and, as was the case here, occurred without any objection from the Defendant.  Thus, the delay cannot appropriately be attributed to government negligence and Defendant must establish prejudice.  Here, Defendant contends the delay in this proceeding has prejudiced him in ability to defend against some of the allegations in the Superseding Petition.  Defendant admits that he has the ability to recall the events associated with the marijuana conviction in CR 12-0877-PHX-JAT, but says he has lost all ability to defend the lesser charges of failing to report to his probation officer, failing to submit to testing for substance abuse and consuming alcohol.  The Government correctly argues that Defendant has

provided no evidence to corroborate this claim and that the gaps in his recollection of events can be filled through research and the presentation of documentary evidence.

### III. Recommendation

Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and Local Rule Civil 72.1, Rules of Practice of the United States District Court, District of Arizona, the Magistrate Judge **recommends** that the District Court, after an independent review of the record, DENY Defendant's Motion to Dismiss Superseding Petition to Revoke Supervised Release (Doc. 169). The Magistrate Judge also **recommends** that the District Court direct the Government to contact the Magistrate Judge's chambers to set a hearing on the alleged violations in the event the District Court adopts this Report and Recommendation.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. However, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. See 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. No replies are permitted without leave of court. If any objections are filed, this action should be designated case number: **CR 07-1825-TUC-RCC**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of

a party's right to de novo consideration of the issues.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 25th day of November, 2014.

*Jacqueline M. Rateau*
Jacqueline M. Rateau
United States Magistrate Judge

14